ANCHORAGE, A Municipal
Corporation, Petitioner,

v.

Arlo B. ERICKSON, Respondent.

No. A–512.

Court of Appeals of Alaska.

Nov. 2, 1984.

---

2. *See* footnote 1.

James Ottinger, Asst. Mun. Prosecutor, Allen M. Bailey, Mun. Prosecutor, and Jerry Wertzbaugher, Municipal Atty., Anchorage, for petitioner.

Daniel W. Allan, Anchorage, for respondent.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Arlo Blaine Erickson was convicted of driving while intoxicated in violation of Anchorage Municipal Code § 9.28.020(A). He appealed to the superior court, arguing that the district court erred in failing to suppress evidence of his intoxication gained after he requested counsel. *See Copelin v. State*, 659 P.2d 1206 (Alaska 1983). The superior court agreed and reversed Erickson's conviction. The municipality petitioned this court for a hearing, which we granted, reasoning that the superior court appeared to have substituted its judgment for that of the district court on a question of fact. Having considered the record and the arguments and briefs of counsel, we reverse the judgment of the superior court and reinstate Erickson's conviction in the district court.

In *Copelin* the supreme court held that a person suspected of driving while intoxicated was entitled upon request to a reasonable opportunity to consult with counsel prior to taking a breathalyzer examination. *Id.* at 1215. In *Svedlund v. Anchorage*, 671 P.2d 378 (Alaska App.1983), we interpreted *Copelin* and held that the police were under no duty to advise a defendant that he had a right to consult counsel before taking the breathalyzer examination, and that a defendant forfeited any rights under *Copelin* if he did not request counsel prior to taking or refusing the breathalyzer examination. *Svedlund*, 671 P.2d at 382.

In this case, Erickson contended that he had requested counsel and that the police had ignored his request. An evidentiary hearing was therefore held before Judge Fuld. The arresting officer, Nancy Potter, testified that Erickson asked her on the way to the police station whether he was in trouble and whether he might need an attorney. She responded that she could not give him legal advice, but that the magistrate usually released DWI arrestees on their own recognizance. Erickson's testimony essentially corroborated Potter's. He admitted during cross-examination that he never asked to speak to an attorney. Erickson's testimony also supports a conclusion that he mentioned an attorney because he was concerned about pretrial detention and wondered if he needed an attorney in order to make bail, not because he

wanted advice about submitting to a breathalyzer exam. He testified that he asked if he needed an attorney because "basically attorneys, I felt, normally get you out of jail or raise bail money for you if you get thrown into jail." Based on this testimony, Judge Fuld found that Erickson never requested an attorney and, consequently, was not entitled to relief under *Copelin.*

The factual findings of the trier of fact should be reversed only if clearly erroneous. *Van Cleve v. State,* 649 P.2d 972, 976 (Alaska App.1983). We are satisfied that the testimony that we have outlined provides substantial evidence in support of Judge Fuld's finding and therefore we hold that it was not clearly erroneous. It appears that Judge Buckalew, in deciding the appeal from the district court, substituted his judgment for Judge Fuld's, rather than merely reviewing Judge Fuld's conclusion to determine whether it was clearly erroneous. In his order, Judge Buckalew said:

> This court is persuaded that in this case the police officer should have recognized appellant's request for legal advice as a request for counsel. The officer should have responded to that request by allowing appellant a reasonable opportunity to contact an attorney from whom he could have obtained the legal advice he sought.

Had Judge Buckalew been the trial judge hearing the motion to suppress, his conclusion might well have been valid. Under the circumstances, however, it does not provide a sufficient basis for overturning a trier of fact's contrary conclusion.

The judgment of the superior court is REVERSED. The judgment of the district court is AFFIRMED.[1]

---

1. In his appellant's brief submitted to the superior court, Erickson raised two issues other than the one we decide here. Erickson argued that the municipality failed to preserve an ampule of breath which he could use to test the accuracy of the machine. Erickson conceded that the municipality did offer an independent chemical test. Judge Buckalew did not specifically address this issue and Erickson did not rely on it in his brief or oral argument in this court. Therefore, we express no opinion regarding it. Erickson also argued that the sentence was excessive and that the judgment was contrary to law and the evidence. Judge Buckalew summarily concluded that the sentence imposed was not excessive and that the guilty verdict returned by the jury was supported by the evidence and was not contrary to law. Neither party petitioned for hearing on these issues and we express no opinion regarding them.