**William VAN WORMER, Appellant,**

**v.**

**STATE of Alaska, Appellee.**

**No. A–320.**

Court of Appeals of Alaska.

May 17, 1985.

William Bixby, Valdez, for appellant.

Eugene B. Cyrus, Asst. Dist. Atty., Michael N. White, Dist. Atty., Palmer, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

OPINION

SINGLETON, Judge.

William Van Wormer pled *nolo contendere* and was convicted of driving with a blood-alcohol level of .10 or higher, AS 28.35.030(a)(2). He appeals claiming that the breathalyzer reading was obtained in violation of his right to counsel under AS 12.25.150(b), *Copelin v. State*, 659 P.2d 1206 (Alaska 1983), and *Graham v. State*, 633 P.2d 211 (Alaska 1981), and therefore should have been suppressed. He pre-

served his right to appeal this issue pursuant to *Oveson v. Anchorage,* 574 P.2d 801, 803 n. 4 (Alaska 1978), *Cooksey v. State,* 524 P.2d 1251 (Alaska 1974). We affirm.

At the suppression hearing before District Court Judge John Bosshard III, a videotape made on the night of Van Wormer's arrest was played. On videotape, Officer Norton read the implied consent warning and Van Wormer asked: "Can I have somebody present?" Norton responded:

No, you can't have anyone present. You can have someone else give you [the] test if you want. In fact, we're willing to give you a blood test if you don't believe that the intoximeter machine, if you don't care for that, we'll have someone come down from the hospital, draw blood and test the blood for the amount of alcohol.

After the breath test was given, Norton read Van Wormer his *Miranda* rights, and Van Wormer immediately requested an attorney. *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

Van Wormer testified at the suppression hearing that when he asked to have "somebody present," he meant a lawyer. Judge Bosshard ruled:

I think the *Copelin* decision indicates that the person's got to specifically ask for an attorney, to consult with an attorney. In the context of this case when the defendant later clearly asked for an attorney when being advised of his *Miranda* rights, shows that in fact, despite his testimony, he wasn't really asking about an attorney when he was asked to take a chemical test but rather, in the context of question 8, when it said, "you may at your own expense have a qualified person of your own choosing administer a chemical test in addition to this test." I think that that was what he was asking about and, I think that, given the fact that the defendant had .18 blood alcohol, he may have been a bit confused to begin with, but, in any event, I think that's really what he was getting at, and not an attorney. He clearly expressed he wanted an attorney later and I don't

think there was any confusion under *Graham* and I don't think he made a clear request for an attorney so that the officer could appropriately respond, and therefore I deny the defendant's motion.

Defense counsel asked the judge to make a finding about when the request for an attorney was made. Judge Bosshard reiterated that the fact that Van Wormer clearly asked for a lawyer after the *Miranda* warnings supported the state's position that Van Wormer had not asked for an attorney earlier.

## DISCUSSION

Alaska Statute 12.25.150(b) states:

*Rights of prisoner after arrest....*

(b) Immediately after an arrest, a prisoner shall have the right to telephone or otherwise communicate with the prisoner's attorney and any relative or friend, and any attorney at law entitled to practice in the courts of Alaska shall, at the request of the prisoner or any relative or friends of the prisoner, have the right to immediately visit the person arrested.

In *Copelin v. State,* 659 P.2d 1206, 1208 (Alaska 1983), the supreme court held that when a person is arrested for driving while intoxicated (DWI) and requests an opportunity to communicate with an attorney, he or she must be given a reasonable opportunity to do so before being required to decide whether or not to take a breathalyzer. The decision in part was based upon the court's interpretation of AS 12.25.150(b) and comparable Alaska Criminal Rule 5(b). Rule 5(b) is substantially similar to the statute, except that it provides for a "private" visit with an attorney.

In applying the statute and the rule to the DWI arrestee being detained for purposes of administering a breathalyzer examination, the *Copelin* court balanced the defendant's right to legal consultation with the state's right to obtain important evidence of crime. The supreme court recognized that the passage of time could lead to the dissipation of breathalyzer evidence. 659 P.2d at 1211. The court concluded that a defendant did not have the right to the

presence of counsel or a friend at the breathalyzer examination. Nor did he have an unlimited right to obtain legal consultation before deciding whether he would or would not take the breathalyzer examination. Rather, the court concluded that on request a defendant should be given a reasonable opportunity to contact counsel for purposes of consultation about the breathalyzer examination. 659 P.2d at 1211–12. The court said that the right granted by the rule and the statute:

is limited, however, to circumstances when it will not unreasonably hinder the police investigation. If the person arrested is unable to reach an attorney by telephone or otherwise within a reasonable time, the accused may be required to elect between taking the test and refusing it without the aid of counsel.

659 P.2d at 1215.

The court clarified its decision further by distinguishing an earlier case, *Anchorage v. Geber*, 592 P.2d 1187 (Alaska 1979). The *Copelin* court said in a footnote:

*Geber* does not directly control this case. In *Geber* one of the defendants argued unsuccessfully that before requiring her to perform certain field sobriety tests, the police should have informed her that she had the right to have an attorney present if she could obtain his presence within a reasonable period of time. While we held that the police have no duty to advise a suspect of any right to counsel, we did not hold that the police may refuse the specific requests to contact counsel that were made in the instant cases. Other courts have recognized that there is a vast difference between a flat refusal to afford access to counsel after it is requested and a failure to advise or warn a defendant of his rights. [Citations omitted.] Secondly, while we held in *Geber* that there is no right to have an attorney *present* at the field sobriety tests, we did not hold that there is no right merely to contact or communicate with counsel before deciding whether or not to submit to such test. Other jurisdictions, while finding a constitutional or statutory right to con-

sult an attorney by phone, have held that the arrestee does not have the right to demand physical presence of the attorney before taking a breathalyzer test. [Citations omitted.] *Geber* dealt with neither the statutory right to counsel nor the administration of a breathalyzer test.

659 P.2d at 1211 n. 12.

In reliance on the supreme court's discussion of *Geber* in *Copelin* we held in *Svedlund v. Anchorage*, 671 P.2d 378 (Alaska App.1983), that the police do not have a duty to inform a person that he has the right to contact an attorney prior to taking a breathalyzer and that an arrestee forfeits any rights under *Copelin* if he or she does not request an attorney for the purposes of consultation regarding the breathalyzer examination. *Svedlund*, 671 P.2d at 382.

In *Anchorage v. Erickson*, 690 P.2d 20 (Alaska App.1984), we expanded upon our decision in *Svedlund*. There, the arrestee contended that he had requested counsel and that the police had ignored his request. Erickson had asked the arresting officer "whether he was in trouble and whether he might need an attorney." 690 P.2d at 21. The officer responded that she could not give him legal advice, but that the magistrate usually released DWI arrestees on their own recognizance. *Id.* The trial court held that Erickson had not properly invoked his *Copelin* rights because he did not specifically request counsel for the purpose of consultation regarding the desirability of taking a breathalyzer examination. On appeal the superior court reversed, holding that, as a matter of law, Erickson's ambiguous comments should have triggered a specific inquiry by the police officer regarding whether Erickson wanted counsel for the purpose of considering taking the breathalyzer examination. While the superior court recognized the *Geber* court's admonition that the police are under no duty at the first instance to inform an arrestee of his rights under AS 12.25.150(b) and Criminal Rule 5(b), the superior court would have imposed a duty in the face of an ambiguous inquiry by an arrestee re-

garding the benefits of counsel. On further appeal to this court, we reversed. We held that *Copelin* established a right to counsel only for those who requested it. Whether a given inquiry constituted a request was a question of fact for the trial court to determine, and an appellate court should reverse a finding of fact only if it is clearly erroneous. *See Van Cleve v. State,* 649 P.2d 972, 976 (Alaska App.1982). Where a defendant clearly and unequivocally requests counsel for purposes of consultation, his request must be honored. Where the arrestee's comments, inquiries, and requests are ambiguous, and reasonable people could differ as to whether they constituted a request for counsel for purposes of consultation, the issue is one of fact to be resolved by the trial court and his or her decision, unless clearly erroneous, will not be reversed on appeal.

■ In summary, under our prior cases it is only where the totality of the arrestee's words constitute a request, express or implied, for an opportunity to contact counsel for the purpose of discussing a breathalyzer examination that an opportunity to consult counsel must be provided prior to administration of the breathalyzer. Once the breathalyzer examination is completed or refused and videotaping finished, the suspect is entitled to the full use of the rights guaranteed by AS 12.25.150(b) and Criminal Rule 5(b).

■ Judge Bosshard applied the proper standard in his evaluation of Van Wormer's comments. He recognized that a request for counsel need not take any particular form or involve any particular magic words. The ultimate questions were: (1) did Van Wormer wish to consult with counsel prior to deciding whether or not to take a breathalyzer examination, and (2) did he communicate this desire to the arresting officers by word or deed? Judge Bosshard determined, based on the evidence, that Van Wormer's statements regarding having somebody present did not relate to a desire to consult with counsel about breathalyzer examinations or field sobriety test, but rather related to having someone present to observe the administration of the test, perhaps a technician, to insure its validity. Judge Bosshard was therefore not clearly erroneous in concluding that Van Wormer did not properly invoke his *Copelin* rights and that the results of the breathalyzer examination should not be suppressed.

The judgment of the district court is AFFIRMED.[1]

---

**1.** Our decision in this case depends in large part on *Anchorage v. Geber,* 592 P.2d 1187 (Alaska 1979), in which the supreme court held that a person arrested for DWI need not be informed of the right to contact counsel before submitting to a breath test. We note, nevertheless, that the time may be ripe for the supreme court to reexamine the continued vitality of its *Geber* holding.

*Geber* was decided four years before *Copelin v. State,* 659 P.2d 1206 (Alaska 1983), which for the first time firmly established an arrestee's right to contact counsel before submitting to a breath test. Moreover, at the time *Geber* was decided, an individual's refusal to submit to a breath test was not yet subject to criminal prosecution by the state.

Both the establishment of the right to contact counsel and the advent of statewide criminal

prosecution of breath test refusals have immeasurably increased the significance of informing an arrestee of the right to contact counsel. Each person arrested for DWI is required to choose between taking and refusing a breath test. In effect, an incorrect choice results in the commission of a new crime. In these circumstances, advising an arrestee of the right to contact counsel will often be the only way to assure that the arrestee does not, through a mistake or misunderstanding as to what the law requires, commit yet another offense.

In short, circumstances attendant to the administration of breath tests in Alaska have changed dramatically during the six years since Anchorage v. Geber was decided. Adoption by the supreme court of a rule requiring DWI arrestees to be informed of their right to contact counsel may now be justified.