Nani A. ZSUPNIK, Appellant,

v.

STATE of Alaska, Appellee.

No. A–2512.

Court of Appeals of Alaska.

May 5, 1989.

William Bixby, Valdez, for appellant.

Robert M. Miller, Asst. Dist. Atty., Steven H. Morrissett, Dist. Atty., Palmer, William H. Hawley, Jr., Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Grace Berg Schaible, Atty. Gen., Juneau, for appellee.

## OPINION

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

BRYNER, Chief Judge.

Nani A. Zsupnik appeals following her conviction of driving while intoxicated (DWI). Zsupnik contends that the trial court erred in denying her motion to suppress the result of an Intoximeter test, which she claims was obtained in violation of her statutory right to consult immediately with a friend or relative. We affirm.

The facts are not in dispute. Zsupnik was arrested for DWI in Valdez. Upon arrest, she repeatedly requested the opportunity to contact her uncle. Although she intended to ask her uncle for assistance in finding an attorney, Zsupnik did not make her purpose known to the police, nor did she directly request an opportunity to contact an attorney. The police told Zsupnik that she would not be allowed to call her uncle until she had completed the process of taking the Intoximeter test. Zsupnik proceeded to take the test, which revealed a score in excess of the legal limit.

Prior to trial, Zsupnik moved to suppress the results of her Intoximeter test, asserting a violation of AS 12.25.150(b), which provides: "Immediately after an arrest, a prisoner shall have the right to telephone or otherwise communicate with the prisoner's attorney and any relative or friend...." Alaska Criminal Rule 5(b) contains provisions that are substantially identical to those of the statute.

In *Copelin v. State*, 659 P.2d 1206 (Alaska 1983), the Alaska Supreme Court construed AS 12.25.150(b) and Criminal Rule 5(b) to require that, upon request, persons arrested for DWI be given an opportunity to make a telephone call to an attorney prior to submitting to a breath test. Zsupnik argued below that *Copelin* should be extended to allow DWI arrestees the right, upon request, to make immediate telephone calls to friends or relatives, as well as to attorneys. Zsupnik pointed out that the

plain language of the statute and the rule does not differentiate between attorneys, friends, and relatives in establishing the right to an immediate call.

Superior Court Judge John Bosshard, III, rejected Zsupnik's argument, concluding that *Copelin's* holding must be limited to cases involving requests to contact counsel. Although Judge Bosshard believed that Zsupnik would have been entitled to an immediate call to her uncle had she disclosed that the purpose of her call was to ask her uncle to assist her in obtaining an attorney, the judge found that Zsupnik had not in fact disclosed her purpose. Accordingly, Judge Bosshard ruled that the police did not violate Zsupnik's rights by deferring her request for a call until after she completed the Intoximeter test. The judge denied Zsupnik's motion to suppress, and the results of Zsupnik's Intoximeter test were introduced against her at trial.

On appeal, Zsupnik renews the argument that she raised below. We do not find it persuasive.

Although the literal provisions of AS 12.-25.150(b) and Alaska Criminal Rule 5(b) do not distinguish between attorneys, relatives, and friends, the supreme court's decision in *Copelin* was expressly limited to calls made for the purpose of consulting with counsel. In deciding to read the language of AS 12.25.150(b) and Alaska Criminal Rule 5(b) as requiring an opportunity to call counsel before administration of a breath test, the *Copelin* court carefully weighed the state's interest in promptly obtaining valuable evidence against the substantial individual interest in consulting with an attorney before deciding whether to submit to a breath test. Concluding that the right to consult with counsel was of compelling and overriding significance under the circumstances, the court required that the individual right be given priority over the police interest in obtaining prompt test results.

In cases where DWI arrestees are interested in calling a friend or a relative, rather than an attorney, however, there appears to be no equally compelling interest to tip the balance away from allowing the police to complete the routine DWI arrest process, except to the extent that the arrestee's purpose in calling a friend or relative is to make arrangements to secure counsel. We agree with the district court that, where this purpose is adequately communicated to the police, an immediate call must be allowed. *See Van Wormer v. State,* 699 P.2d 895 (Alaska App.1985). We conclude, however, that where no reason is given by a DWI arrestee for a request to contact a friend or a relative, the police may defer the request until the process of administering the Intoximeter test has been completed.

The conviction is AFFIRMED.